## PARKER v. SLOAN.

No. 2355.   Decided July 22, 1912.   Rehearing denied April 30, 1913 (131 Pac. 1171).

TROVER AND CONVERSION—ACTIONS—EVIDENCE—SUFFICIENCY.   In an action for the conversion of an automobile, evidence of conversion *held* insufficient to go to the jury.

APPEAL from District Court, Third District; *Hon. , Geo. G. Armstrong*, Judge.

Action by Arthur Parker against R. W. Sloan.

Judgment for plaintiff.   Defendant appeals.

REVERSED AND REMANDED.

*Gustin, Gillette* and *Brayton* for appellant.

*Geo. M. Sullivan* and *A. T. Sanford* for respondent.

STRAUP, J.

In the complaint it is alleged that the plaintiff, in February, 1911, indorsed and delivered to the defendant a check for $239 on a bank in Idaho, which the defendant was to collect and pay to the plaintiff; that the defendant collected the money, but paid plaintiff only the sum of ten dollars.   Judgment on this count was asked against the defendant for $229 and interest.   For a second cause of action it is alleged that the plaintiff, in July, 1910, borrowed ninety-five dollars from the defendant, and that to secure the payment thereof the plaintiff gave the defendant a bill of sale of an automobile of the value of $2000, but of which the plaintiff retained possession until in August, 1910, when he delivered it to the defendant "to safely keep and preserve the same as security for said indebtedness."   It is further alleged that two days thereafter the defendant wrongfully and in breach of his agreement and without authority sold

and disposed of the automobile, to plaintiff's damage in the sum of $2000. On this cause of action judgment was asked for that amount.

The defendant, by way of answer and a counterclaim, admitted and averred that in February, 1911, he received $239 on the check referred to in the complaint for the use of the plaintiff. He further averred that between July, 1908, and February, 1911, he at divers times, and at plaintiff's request, advanced and paid to him $357 which the plaintiff had not repaid except the amount received by the defendant on the check, and that $129 remained due and unpaid. He also alleged that in July, 1910, at plaintiff's request, he loaned him ninety-five dollars, "and in order to secure the repayment of said sum" the plaintiff gave the defendant a bill of sale of the automobile, but which was of the value of only one hundred dollars, and that the ninety-five dollars was due and unpaid. He denied the sale and conversion of the automobile. He prayed judgment against the plaintiff for $129, and for a sale of the automobile to satisfy the loan of ninety-five dollars.

The case was tried to the court and a jury. A verdict was rendered for the plaintiff on the first cause of action for $229 and on the second for $379. The defendant appeals.

We think there was no evidence to justify a submission of the case to the jury on the second cause of action. The evidence bearing thereon is: The plaintiff had shipped to him an automobile at Salt Lake City. He borrowed ninety-five dollars from the defendant to pay the freight, and gave him a bill of sale of the automobile. He retained possession of it and used it, expecting to repay the defendant from rentals and hire. Business not being good at Salt Lake, he went to Ogden with it. There he used it for the same purpose. He accomplished but little there. Finally he concluded to go to Oregon, and left the automobile at Ogden with a Mr. Cole, who had operated it with him. The evidence is in conflict as to the purpose for which the plaintiff left the automobile with Cole. The plaintiff testified that he left it with him only for safe-keeping until the plaintiff

returned. There was considerable evidence that he had sold it to Cole. The defendant, learning of the plaintiff's departure and of Cole's possession of the automobile, exhibited to Cole the bill of sale plaintiff had given the defendant, and demanded possession of it. Cole claimed that he had purchased it from plaintiff. He, however, on the presentation of the bill of sale, surrendered the automobile to the defendant. As testified to by Cole, the defendant then sold the automobile to Cole for $450; Cole paying the defendant twenty-five dollars as part payment. Cole took the car back to Ogden and used it about six weeks, and then returned it to the defendant at Salt Lake, stating that he could not pay for it, and demanded back the twenty-five dollars which had been paid by him. The defendant returned him the money and took the automobile. Shortly thereafter the defendant gave his chauffeur a bill of sale of it, for the reason that different persons were using it, and he did not desire to become responsible for accidents which might result from the operation of the car. The chauffeur paid him nothing for it, and neither intended a transfer of title or possession. The defendant had possession of the automobile after Cole delivered it to him, and had it stored at the time of the trial, and offered to surrender and deliver it to the plaintiff upon payment of whatever amount might be found due him and owing from the plaintiff.

Upon this evidence the plaintiff claims two conversions of the automobile by the defendant; one growing out of the transactions had with Cole, the other the defendant's giving his chauffeur a bill of sale. We do not think either amounted to an appropriation of the car to the defendant's use with intent to deprive the plaintiff of it, or that either constituted a conversion. The defendant had possession of it, and was able and willing to surrender it to the plaintiff upon payment to him of whatever amount was found due and owing from the plaintiff. The plaintiff made no demand or effort to get the car, and made no offer to adjust or settle the account between him and the defendant. He seemingly

preferred not to have it, and to charge the defendant with the value of it.

Th judgment is reversed and the case remanded for a new trial. Costs to appellant.

FRICK, C. J., and McCARTY, J., concur.